**Jane Anne BRYANT, Appellant,**

v.

**Justin L. JETER, Randal G. Mathis, Mark M. Donheiser, and Mathis and Donheiser, P.C., Appellees.**

No. 05–09–01479–CV.

Court of Appeals of Texas, Dallas.

Feb. 22, 2011.

Jane Anne Bryant, Dallas, TX, for Appellant.

Robert A. Bragalone, Gordon & Rees, L.L.P., Dallas, TX, for Appellees.

Before Justices O'NEILL, RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant Jane Anne Bryant sued appellees for legal malpractice alleging that appellees represented her in a personal injury case against a third party and that she lost that case due to appellees' negligence. Bryant was initially represented by counsel, but her counsel later withdrew and she proceeded pro se. Appellees moved for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i), and the trial court granted that motion and dismissed Bryant's claims with prejudice. In this pro se appeal, Bryant challenges the summary judgment and the trial court's rulings on Bryant's requests for continuances and appellees' motion to compel discovery responses. We affirm.

### FIRST ISSUE

■ In her first issue, Bryant argues that the trial court erred when it ordered Bryant to respond to appellees' discovery requests within ten days.

### Background

Bryant sued appellees in November 2008. Bryant's counsel withdrew by agreement in March 2009. In July 2009, Bryant moved to compel the production of her client file from appellees. In September 2009, appellees moved to compel Bryant's answers to certain interrogatories and requests for admission. During a combined hearing on both motions, the trial court first addressed Bryant's motion to compel. The trial court granted that motion, and appellees agreed to hand-deliver Bryant's file to her later that day. The trial court next addressed appellees' motion to compel answers to certain interrogatories. In response to that motion, Bryant argued that appellees' interrogatories were "sort of putting the cart before the horse" because she needed her client file in order to respond to them. In response, the trial judge asked Bryant how long she needed to answer. Bryant said, "Whatever the rules say, Judge, and I'll do it," and the trial court said, "Ten days." Finally, after appellees' counsel presented argument on appellees' motion to compel answers to requests for admission, the trial judge said to Bryant, "The Request for Admissions that were not answered based on the failure to have the original file will be reanswered within ten days. Understood?" In response, Bryant "Nod[ded] [her] head affirmatively" and said, "Yes, sir. Yes, sir."

### Analysis

■ On appeal, Bryant cites Texas Rule of Civil Procedure 190.3 and argues that the trial court "put Bryant's case at peril by ordering her to respond to [appellees'] discovery requests outside of the Texas Rules of Civil Procedure, and without the assistance of an attorney." As a threshold issue, we must decide whether Bryant has preserved this complaint for appellate review. See In re M.S., 115 S.W.3d 534, 547 (Tex.2003) (noting "error preservation in the trial court [ ] is a threshold to appellate review"). "To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the

specific grounds, and obtain a ruling." *Shaw v. Cnty. of Dallas,* 251 S.W.3d 165, 174 (Tex.App.-Dallas 2008, pet. denied) (citing Tex.R.App. P. 33.1(a)). If a party fails to do this, error is not preserved. *Id.; see also Knapp v. Wilson N. Jones Mem'l Hosp.,* 281 S.W.3d 163, 170 (Tex.App.-Dallas 2009, no pet.) ("a party's argument on appeal must comport with its argument in the trial court").

In the trial court, Bryant did not argue that she should not be required to respond to appellees' discovery within ten days, nor did she propose any alternative deadline. Instead, she asked what the deadline would be, and after the trial judge told her ten days, she said she understood. As a result, we conclude that Bryant's complaint on appeal was not preserved for appellate review. We resolve Bryant's first issue against her.

## SECOND ISSUE

■ In her second issue, Bryant argues that the trial court erred in "only allowing Bryant a 60 day extension of the trial date."

### Background

Trial was originally scheduled for November 2009. In September 2009, Bryant filed a pro se "Motion for Trial" seeking a "new trial date." At the hearing on that motion, counsel for appellees told the trial court that appellees were "unopposed to a short continuance." The trial judge granted Bryant's motion and asked her, "How long a continuance do you want?" Bryant answered, "Well, Judge, it depends on, like I said, my—my attorney and his schedule. And so, I would ask—could I ask for 60 days?" In response, the trial judge said, "Sixty days it is," and agreed to reset the trial date to "sometime in the middle of January."

### Analysis

On appeal, Bryant argues that her "due process rights were violated" because the trial court reset the trial date to January 2010 instead of July 2010. But like her first complaint on appeal, the record in this case does not demonstrate that Bryant raised this complaint in the trial court. To the contrary, the record demonstrates that Bryant received the sixty-day extension that she requested. As a result, we conclude that Bryant's complaint on appeal was not preserved for appellate review. We resolve Bryant's second issue against her.

## THIRD ISSUE

■ In her third issue, Bryant argues that the trial court erred when it denied her motion for a continuance on appellees' motion for summary judgment.

### Background

Three days before the hearing on appellees' motion for summary judgment, Bryant filed a motion for continuance asking the court to "refrain from ruling" on appellees' summary-judgment motion "until relevant discovery has been completed." On the day of the hearing on appellees' motion for summary judgment, appellees filed a response to Bryant's motion for continuance, arguing that Bryant's motion "wholly failed to comply with Texas Rules of Civil Procedure 166a(g), 190.5, 191, and 252."

### Analysis

■ On appeal, Bryant argues that the trial court abused its discretion when it denied her motion for continuance. As a prerequisite to complaining on appeal about the denial of a motion for continuance, the record must show that the motion was brought to the trial court's attention and that (1) the trial court denied the motion, or (2) the trial court refused to

rule on the motion and the complaining party objected to the refusal. *See* Tex. R.App. P. 33.1; *see also Mitchell v. Bank of Am., N.A.,* 156 S.W.3d 622, 626 (Tex.App.-Dallas 2004, pet. denied) ("[Plaintiffs] failed to obtain a ruling from the trial court on the motion for continuance and therefore, failed to preserve error."). In this case, the record does not show that Bryant's motion for continuance was brought to the trial court's attention. Likewise, the record does not show that the trial court either denied the motion or refused to rule on the motion. And to the extent that the trial court refused to rule on the motion, the record does not show that Bryant objected to that refusal. As a result, we conclude that this issue has not been preserved for appellate review. *Cf. Yazdchi v. Walker,* No. 01–05–00177–CV, 2009 WL 1270395, at *2 (Tex.App.-Houston [1st Dist.] May 7, 2009, pet. denied) (mem.op.) ("Because the record does not show that the motion for continuance was filed and brought to the attention of the trial court or that the trial court ruled on it before it granted summary judgment, we conclude that the appellants have failed to preserve error, if any, on this issue."). We resolve Bryant's third issue against her.

## FOURTH ISSUE

█ In her fourth issue, Bryant argues that the trial court erred when it granted summary judgment in favor of appellees.

## Background

Appellees moved for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i) on the grounds that Bryant had no evidence to support three elements of her malpractice claim: breach, proximate cause, and damages. Bryant did not file any written response to appellees' motion for summary judgment. Instead, three days before the hearing on

that motion, Bryant filed the motion for continuance described above in connection with her third issue on appeal. After a hearing on appellees' motion for summary judgment, the trial court signed an order granting appellees' motion and dismissing Bryant's claims with prejudice. The trial court's order does not state the basis for its ruling, and the appellate record does not include a transcript from the hearing on appellees' motion.

## Analysis

Bryant raises two main arguments to support her fourth issue. First, Bryant generally argues that she was "denied the opportunity to proffer evidence opposing [appellees' motion]." Second, Bryant argues that "[a]ppellees' lack of care and skill was so obvious that expert testimony was not required."

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant timely responds to the motion and produces more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002). In this case, because Bryant did not respond to appellees' no-evidence motion for summary judgment, we conclude that the trial court properly granted summary judgment in favor of appellees. *Imkie v. Methodist Hosp.,* 326 S.W.3d 339, 343 (Tex.App.-Houston [1st Dist.] 2010, no pet.) ("Because [plaintiff] failed to make any response to the no-evidence motion for summary judgment, we hold the trial court properly rendered summary judgment in favor of [defendant]."); *Landers v. State Farm Lloyds,* 257 S.W.3d 740, 746 (Tex.App.-Houston [1st Dist.] 2008, no pet.) ("because [plaintiffs] did not file a timely response ... we hold that the trial court did not err in granting the no-evidence motions for sum-

mary judgment"). We resolve Bryant's fourth issue against her.

CONCLUSION

We resolve Bryant's issues against her and affirm the trial court's judgment.