**AFFIRMED; Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00107-CV

### PATRICIA BISHOP, Appellant
### V.
### CHILDREN'S MEDICAL CENTER OF DALLAS, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-01038-E**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Patricia Bishop appeals the trial court's summary judgment in favor of Children's Medical Center on her claims for retaliatory discharge. In five points of error, Bishop argues the trial court erred in granting summary judgment on her retaliatory discharge, breach of contract, fraud, and negligent misrepresentation claims and in overruling her objections to portions of certain affidavits. We affirm the trial court's judgment.

On January 28, 2011, Bishop sued Children's alleging "breach of an agreement, fraud, misrepresentation and retaliatory discharge in violation of the Texas Labor Code." Bishop's petition alleged she was employed as a nurse at Children's on September 12, 2009 when she slipped and fell at work, injuring her knee, foot, and ankle. Children's reported a claim for workers compensation benefits on Bishop's behalf. Bishop received medical treatment and was returned to work on a modified duty. On September 28, Bishop exchanged emails with Staci

Ribera, clinical manager of registered nurses, who assured Bishop she was in no jeopardy of losing her job. Ribera told Bishop not to rush back to work until she was fully healthy. Bishop continued with her medical treatment through December 2009 when she underwent arthroscopic surgery. At that time, Bishop was still off work due to her medical restrictions. On March 12, 2010, Bishop received notice of termination stating her twenty-four weeks of job-protected leave under the workers' compensation policy had expired on February 28, 2010.

Children's subsequently filed a motion for summary judgment on no-evidence and traditional grounds alleging, among other things, Bishop did not raise a fact issue as to whether she was discharged or in any other manner discriminated against because she filed a workers' compensation claim. In support of its motion, Children's provided evidence of its workers' compensation – on the job injuries and illnesses policy. The policy provides that an employee off work due to a work-related injury is allowed twenty-four weeks' leave per rolling twelve months, during which time her regular job or its equivalent will be held for her. After a total of twenty-four weeks of lost time from the original job, if the employee has not been released to return to the original job by her treating doctor or remains unable to perform the essential functions of her original job without reasonable accommodation, the employee is to be "separated from employment." Such a separation does not preclude an employee from applying for future positions, just as any other external applicant could.

At the time Bishop was injured, she had not worked for Children's for a year and was not entitled to any leave under the Family and Medical Leave Act (FMLA); nevertheless, Children's placed Bishop on workers' compensation leave, and she began treatment for her knee injury. Children's workers' compensation administrator, Diana Gonzales, received a list of Bishop's working restrictions from her treating physician and asked Ribera whether Bishop's restrictions would permit her to return to her job or whether any modified transitional duty positions were

–2–

available. Under Children's workers' compensation leave policy, modified transitional duty is considered part of the twenty-four weeks of job-protected leave and does not affect the length of the leave period. Because of Bishop's lack of experience and the limited number of positions available, Children's was never able to provide Bishop with a modified transitional duty position. On September 21, 2009, Gonzales sent Bishop a letter restating her rights and responsibilities under workers' compensation leave policy, informing her that her job-protected leave would expire on February 28, 2010, and stating she would be terminated if she was not released to return to work by that date. On March 10, 2010, aware that Bishop had not returned to work and having received nothing from Bishop's position, Gonzales began the process of terminating Bishop.

Following her termination, Bishop asked to use Ribera as a reference, and Ribera agreed. Bishop also spoke with Gonzales, who told Bishop to contact human resources at Children's and they would help her find another job at Children's. Bishop applied for six positions at Children's following her termination but was not selected for any of them.

Based on these facts, Children's argued Bishop could not establish a "but for" causal connection between the filing of her workers' compensation claim and her discharge. Children's argued it terminated Bishop's employment for legitimate, non-retaliatory reasons pursuant to a reasonable absence-control policy. Bishop filed a response again arguing fact issues existed regarding her retaliatory discharge claim. However, the response did not address any additional claims such as fraud, breach of contract, or negligent misrepresentation. On October 29, 2012, the trial judge entered summary judgment in favor of Children's without specifying the grounds on which the judgment was based. This appeal followed.

In her first point of error, Bishop argues the summary judgment evidence created a fact issue as to whether Children's violated section 451 of the labor code by discharging Bishop

–3–

because of her presentation of a worker's compensation claim. We review the trial court's summary judgment de novo, examining the entire record in the light most favorable to the non-movant, indulging every reasonable inference in his favor, and resolving any doubt against the movant. *Adams v. Oncor Electric Delivery Co.*, 385 S.W.3d 678, 681 (Tex. App.–Dallas 2012, no pet.). We will affirm a no-evidence summary judgment unless the nonmoving party brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element of his cause of action. *Id.* For a defendant to obtain summary judgment on traditional grounds, he must either disprove at least one element of the plaintiff's claim as a matter of law or conclusively establish all elements of an affirmative defense. *Id*.

Bishop brought her claim for wrongful termination solely under the provisions of section 451.001 of the Texas Labor Code. Section 451.001 states that an employee may not be discharged or otherwise discriminated against because he has, in good faith, filed a workers' compensation claim. *See* TEX. LAB. CODE ANN. § 451.001 (West 2006). The discriminatory acts prohibited by the statute must occur during the period of employment and do not include a later refusal to rehire. *Id*. To prove a retaliatory discharge claim, the employee must show that his discharge would not have occurred when it did if the employee had not filed a workers' compensation claim. *Id*. The Texas Supreme Court has held that if the plaintiff's discharge results from the uniform enforcement of a reasonable absence control policy, there is no violation of section 451.001 as a matter of law. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (citing *Tex. Division – Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994)); *Adams*, 385 S.W.3d at 681.

Children's moved for summary judgment on the ground Bishop could not establish a causal connection between her filing of a workers' compensation claim and her discharge because Children's terminated Bishop's employment because she had exhausted the maximum

amount of unpaid leave. Children's cited Hernandez for the proposition that, if an employee's discharge is required by the uniform enforcement of a reasonable absence-control policy, it cannot be shown that the employee's termination would not have occurred when it did but for the employee's assertion of a workers' compensation claim. See *Hernandez*, 164 S.W.3d at 388. The policy submitted by Children's as part of its summary judgment evidence states that if, after a total of twenty-four weeks of lost time from the original job, the employee has not been released to return to the original job by his/her treating doctor or remains unable to perform the essential functions of his/her original job with or without reasonable accommodation, and all FMLA leave is exhausted, the employee is separated from employment for health-related reasons. Children's also submitted a letter sent to Bishop informing her that her employment with Children's would be terminated as of February 28, 2010 if she had not been released by her physician to return to work and remained unable to perform the essential functions of her original position at that time.

Bishop does not dispute that she was unable to perform the essential duties of her position as a nurse has of February 28, 2010. Instead, Bishop argues Children's workers' compensation leave of absence policy was discriminatory on its face because its non-workers' compensation leave of absence policy did not provide for automatic termination after twenty-four weeks of absence. Further, Bishop argues Children's did not uniformly apply its workers' compensation leave policy because Children's manager of employee relations, Marilyn Grenfell, "admitted there were occasions when certain employees were granted an additional leave." In addition, Bishop argues Children's failed to follow its own policies with reference to modified transitional duty because Gonzales was "charged with seeking modified transitional duty on behalf of the injured employee 'throughout the hospital'" but, in fact, Gonzales "failed to forward [Bishop's] restrictions throughout the hospital on several occasions." Lastly, Bishop

argues Gonzales further discriminated against her by not telling anyone that, on February 19, 2010, Bishop's doctor told her Bishop would have a full duty release as of March 16, 2010.

The record reflects Children's had separate policies for workers' compensation leave and non-workers' compensation leave. However, we fail to see how the availability of leave for other purposes including administrative leave renders the workers' compensation leave of absence policy discriminatory on its face. Grenfell's affidavit indicates she did not recall discussing with Gonzales in February 2010 the possibility of offering Bishop a thirty-day administrative leave toward the end of her employment with Children's. Grenfell stated a short administrative leave may occasionally be extended to an employee if the employee is released to return to work before the leave period expires but is unable to return to the original position. This short administrative leave period may be provided at Children's discretion to allow the employee to locate another position within the hospital for which they are qualified and for which the hiring manager selects them. The purpose of such a leave in that situation is largely administrative, as it allows for continuation of benefits without use of COBRA and allows Children's to avoid the paperwork associated with terminating employee from one position and hiring them in another. Grenfell stated "such an administrative leave never operates to extend a job-protected workers' compensation leave in any way and has no effect on the protected status of the employee's original position – it is merely designed to smooth the transition to another position for which the employee applies and is selected. Thus, the record reflects there is no "additional leave" available to "certain employees" as Bishop asserts. As to modified transitional duty, nothing in the record shows Gonzales was "charged" with seeking out modified transitional duty for Bishop "throughout the hospital." Instead the policy regarding modified transitional duty provides such duty "may be requested by the employee or by the Workers' Compensation Administrator and is sought throughout the hospital, rather than limited to the

home department." Thus, the "throughout the hospital" language merely indicates that modified transitional duty is not limited to an employee's home department. As to Gonzales' failure to tell anyone that Bishop would have a full duty release by March 16, 2010, the record contains Gonzales' deposition testimony that she "[did not] recall it" when asked if she was advised Bishop "was anticipated to have a full-duty released to return to work as of March 16, 2010." And even if Gonzales had been advised that Bishop would be released on March 16, 2010, that was past the twenty-four-week deadline and would not have changed the applicable deadline.

Based on the foregoing, we conclude Children's presented sufficient summary judgment evidence to show it terminated Bishop's employment based on the uniform application of a reasonable absence control policy. We further conclude Bishop failed to present sufficient summary judgment evidence to raise a fact issue on her claim. Accordingly, the trial court correctly concluded that Bishop's termination did not violate section 451.001 as a matter of law. See *Carrozza*, 876 S.W.2d at 313; *Adams*, 385 S.W.3d at 684. We overrule Bishop's first point of error.

In her second, third, and fourth points of error, Bishop argues the trial court erred in granting summary judgment on her breach of contract, fraud, and negligent misrepresentation claims. Children's motion for summary judgment addressed these claims; however, Bishop's response to the motion for summary judgment did not. A trial court must grant a no-evidence motion for summary judgment unless the nonmovant timely responds to the motion and produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166(a)(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Bryant v. Jeter*, 341 S.W.3d 447, 451 (Tex. App. – Dallas 2011, no pet.). In this case, because Bishop did not respond to Children's no-evidence motion for summary judgment as to these issues, the trial

court properly granted summary judgment in favor of Children's on these issues. *Bryant*, 341 S.W.3d at 451. We overrule Bishop's second, third, and fourth points of error.

In her fifth point of error, Bishop argues the trial court erred in overruling the objections to portions of the affidavits of Gonzales, Ribera, and Grenfell. In her response to the motion for summary judgment, Bishop identified certain paragraphs in each affidavit and stated she "objects to these paragraphs as contradictory to previous deposition testimony, conclusory, and speculative." No description of the particular basis for the objection is made. We cannot tell how, according to Bishop, the enumerated paragraphs contradict "previous deposition testimony" or where such deposition testimony can be found, and we cannot tell how these paragraphs are "conclusory" or "speculative." These objections are not sufficiently specific. *Stewart v. Sanmina Texas L.P.*, 156 S.W. 198, 207 (Tex. App.—Dallas 2005, pet. denied) ("conclusory" objections made by identifying only number of particular paragraphs and exhibits not sufficiently specific). Accordingly, the trial court did not err in overruling these objections. *See id*. We overrule Bishop's fifth point of error.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES
130107F.P05                                 JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA BISHOP, Appellant

No. 05-13-00107-CV      V.

CHILDREN'S MEDICAL CENTER OF
DALLAS, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-01038-E.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHILDREN'S MEDICAL CENTER OF DALLAS recover its costs of this appeal from appellant PATRICIA BISHOP.

Judgment entered this 25th day of June, 2014.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE