# NO. 12-14-00300-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *RODNEY JOE KNIGHT,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Natosha Moore appeals the trial court's admission of the will of Rodney Joe Knight to probate. She presents four issues for our consideration. We affirm.

## BACKGROUND

Rodney Joe Knight died on November 11, 2013. Appellee Roy D. Knight, the decedent's brother, filed an application to probate the decedent's will. Moore contested the will, asserting that she and the decedent had an informal marriage. Knight countered that Moore lacked standing and was not an interested party under the Texas Estates Code because she was not married to the decedent.

At Knight's request, the trial court granted a temporary restraining order and set a hearing on all contested matters. At the conclusion of the hearing, the trial court denied the will contest, ordered the will admitted to probate, and authorized the issuance of letters testamentary. Ultimately, the trial court rendered a final judgment and this appeal followed.

## MOTION FOR CONTINUANCE

In Moore's first issue, she contends the trial court abused its discretion by denying her motion for continuance of the will contest hearing.

The decision to grant or deny a continuance rests within the sound discretion of the trial court. ***Villegas v. Carter***, 711 S.W.2d 624, 626 (Tex. 1986). The trial court's ruling on a motion

for continuance will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Id*. An abuse of discretion occurs when the trial court acts unreasonably or in an arbitrary manner without reference to any guiding rules or principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

As a prerequisite to complaining on appeal about the denial of a motion for continuance, the record must show that the motion was brought to the trial court's attention and that the trial court denied the motion or the trial court refused to rule on the motion and the complaining party objected to the refusal. TEX. R. APP. P. 33.1; *Bryant v. Jeter*, 341 S.W.3d 447, 450–51 (Tex. App.—Dallas 2011, no pet.).

On the day of the hearing, Moore filed a motion for continuance. At the hearing, Moore informed the court that the motion concerned the unavailability of a witness to testify about Moore's informal marriage to the decedent. The trial court did not expressly rule on the motion for continuance. Instead, the court stated, "I'll carry forward your motion, I guess, but I want to hear some evidence today." The hearing proceeded as scheduled, resulting in the court's implicit denial of the motion. *See Sw. Country Enter., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 492-93 (Tex. App.—Fort Worth 1999, pet. denied).

During the hearing, Knight testified, without objection, about the relationship between Moore and the decedent. Moore testified as to both the validity of the will and the nature of her relationship with the decedent. Moore then called another witness to testify about Moore's relationship with the decedent. After hearing the testimony, the court ordered the will admitted to probate and letters testamentary issued to Knight.

Moore did not re-urge her motion for continuance at any time. Nor did she ask the court to make a ruling on the motion or object to the court's failure to do so. Therefore, she failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1. But even if the issue were preserved, Moore still would not prevail. In her motion, Moore alleged that the unavailable witness would testify that the decedent referred to Moore as his wife. However, Knight provided this same testimony. Therefore, Moore cannot show that she was prejudiced by the trial court's implicit denial of her motion for continuance. *See* TEX. R. APP. P. 44.1(a)(1) (error in civil case reversible if it caused rendition of improper judgment). Accordingly, Moore's first issue is overruled.

## NOTICE

In her second issue, Moore argues she did not receive forty-five days' notice of the hearing as required by Rule 245 of the Texas Rules of Civil Procedure.

Rule 245 provides that "the court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial . . . ." TEX. R. CIV. P. 245. However, any error resulting from a trial court's failure to provide proper notice under Rule 245 is waived if the party proceeds to trial and fails to object to the lack of proper notice. TEX. R. APP. P. 33.1; *Stallworth v. Stallworth*, 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.).

The trial court set the January 7, 2014 hearing on December 27, 2013. This gave the parties eleven days' notice of the hearing. Knight argues that Rule 245 applies only to a trial and does not apply to the hearing in this case. It appears, however, that the trial court disposed of all contested issues at the hearing. Therefore, Rule 245's notice requirements may apply. *See* TEX. R. CIV. P. 245 (applies to "contested cases"). But we need not address Knight's argument because Moore did not object to the lack of proper notice. *See* TEX. R. APP. P. 33.1. Consequently, Moore waived any error based on a lack of proper notice under Rule 245. Moore's second issue is overruled.

## DUE PROCESS

In her third issue, Moore argues that the denial of her motion for continuance was so arbitrary that it violated her rights to due process. However, as a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal. *Wood v. Wood*, 320 S.W.2d 807, 813 (Tex. 1959). Moore did not make her due process argument in the trial court. Therefore, she has waived her due process complaint on appeal. TEX. R. APP. P. 33.1. Moore's third issue is overruled.

## JUDGMENT

In her fourth issue, Moore argues that the trial court's judgment does not conform to the pleadings. Specifically, Moore argues that the issue of informal marriage was not raised by the pleadings and should not have been disposed of by the trial court's judgment.

The Texas Rules of Civil Procedure require that a trial court's judgment conform to the pleadings of the parties. TEX. R. CIV. P. 301. Moore claims to have reasonably believed that the issue of informal marriage had not been raised at the time of the hearing. However, the pleadings on file at that time included Moore's first amended will contest, in which Moore asserted she had standing to contest the will based upon her informal marriage to the decedent. Additionally, Knight expressly alleged in his answer to the will contest, which was the subject of the hearing, that Moore did not have standing and was not married to the decedent. Thus, the informal marriage issue was raised in the pleadings that were on file at the time of the hearing. Furthermore, at the hearing, the majority of Moore's questions to the witnesses and her own testimony concerned the existence of the alleged informal marriage. Therefore, Moore has not shown she reasonably believed the informal marriage issue had not been raised at the time of the hearing.

The trial court's judgment conforms to the pleadings. Accordingly, Moore's fourth issue is overruled.[1]

## DISPOSITION

Having overruled Appellant's four issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 23, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] Moore further argues that the issue of informal marriage was not tried by consent. *See* TEX. R. CIV. P. 67. Because informal marriage was raised by the pleadings, we need not address Moore's trial by consent argument. TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 23, 2015

### NO. 12-14-00300-CV

### IN THE ESTATE OF RODNEY JOE KNIGHT, DECEASED

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. P12025)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **NATOSHA MOORE**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*