**Affirmed; Opinion Filed July 9, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01354-CV

**SHIRLEY HARTSFIELD, Appellant**
**V.**
**BANK OF AMERICA, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08202**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Bridges

Shirley Hartsfield appeals the trial court's no-evidence summary judgment in favor of Bank of America. In a single issue, Hartsfield argues the trial court erred when it granted the Bank's no-evidence summary judgment when there had not been an adequate opportunity for discovery because of key evidence being withheld by the Bank. We affirm the trial court's judgment.

In July 2016, Hartsfield filed her original petition alleging she was injured when she tripped on a "two inch raised edge" in the doorway of a Bank branch in Mesquite and fell. Hartsfield asserted a negligence claim and sought damages for her injuries. In July 2017, the Bank filed a no-evidence motion for summary judgment asserting there was no evidence of (1) an unreasonable risk of harm, (2) the Bank's knowledge of a premises condition, (3) the Bank's failure to reduce or eliminate the risk, and (4) proximate cause. The trial court set a date of August 23, 2017 for a hearing on the Bank's motion for summary judgment.

Hartsfield filed a motion to compel the Bank to "meaningfully answer discovery, produce documents and to pay cost, [sic] fees and expenses for having to bring this motion." Specifically, Hartsfield sought a video recording of her slip and fall at the Bank. On July 24, 2017, Hartsfield received video from the only two cameras that captured the accident starting shortly before the accident and continuing for hours afterward. Hartsfield filed a second motion to compel in which she argued the video was a "short, corrupt recording that appears to have been tampered with." On August 8, 2017, the Bank provided Hartsfield with video from all fifteen available cameras. The video "begins 1 hour before the incident and continues for 3 ½ hours after the incident." On August 14, 2017, the trial court granted Hartsfield's motion to the extent the Bank was ordered to produce video surveillance of the accident in question beginning one hour before the accident. At that time, the Bank had already complied with the terms of the court's order.

On August 16, 2017, Hartsfield filed a "Motion for Leave, or in the Alternative, Continuance," in which she requested that the trial court continue the case for seventy days. Hartsfield stated she was asking for the continuance because she had "not had an opportunity to study or review the discovery because it has been produced so late." Hartsfield did not obtain a ruling on her motion for continuance. On August 23, 2017, the day of the hearing on the Bank's motion for summary judgment, Hartsfield filed a pleading in opposition to the motion. That same day, following a hearing on the Bank's motion, the trial court signed an order granting the Bank's motion for summary judgment.

In a single issue, Hartsfield argues the trial court erred when it granted the Bank's no-evidence summary judgment when there had not been an adequate opportunity for discovery because of key evidence being withheld by the Bank. In making this argument, Hartsfield asserts she was entitled to a "continuance to complete the discovery before the court considers the motion

for summary judgment." Hartsfield argues the trial court erred when it denied her motion for continuance.

We note Hartsfield has represented herself pro se both in the trial court and on appeal. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex.1978). Otherwise a pro se litigant would have an unfair advantage over a litigant represented by a licensed attorney. Id. at 185; *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied).

As a prerequisite to complaining on appeal about the denial of a motion for continuance, the record must show that the motion was brought to the trial court's attention and that (1) the trial court denied the motion or (2) the trial court refused to rule on the motion and the complaining party objected to the refusal. *Bryant v. Jeter*, 341 S.W.3d 447, 450–51 (Tex. App.—Dallas 2011, no pet.) (plaintiff filed motion for continuance three days before hearing on motion for summary judgment and filed response on day of hearing; failure to obtain ruling on motion for continuance failed to preserve error); *see* TEX. R. APP. P. 33.1; *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) ("[Plaintiffs] failed to obtain a ruling from the trial court on the motion for continuance and therefore, failed to preserve error.").

In this case, the record does not show that Hartsfield's motion for continuance was brought to the trial court's attention. Likewise, the record does not show that the trial court either denied the motion or refused to rule on the motion. And to the extent that the trial court refused to rule on the motion, the record does not show that Hartsfield objected to that refusal. As a result, we conclude that this issue has not been preserved for appellate review. *See Bryant*, 341 S.W.3d at 451. We overrule Hartsfield's single issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

171354F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHIRLEY HARTSFIELD, Appellant

No. 05-17-01354-CV      V.

BANK OF AMERICA, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-08202.
Opinion delivered by Justice Bridges.
Justices Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BANK OF AMERICA recover its costs of this appeal from appellant SHIRLEY HARTSFIELD.

Judgment entered this 9th day of July, 2019.