In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-23-00069-CV

TRACY SAHUALLA AND PAM SAHUALLA, Appellants

V.

CNH INDUSTRIAL AMERICA, LLC AND TRINITY
VALLEY TRACTORS, INC., Appellees

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 133189

## MEMORANDUM OPINION

Appellants Tracy and Pam Sahualla ("Sahuallas" or "Appellants") appeal the trial court's final summary judgment in favor of Appellees CNH Industrial America, LLC ("CNH") and Trinity Valley Tractors, Inc. ("TVT") (collectively "Defendants" or "Appellees") in a lawsuit related to the Sahuallas' purchase of a hay baler. We affirm the trial court's judgment.

On December 1, 2021, the Sahuallas filed a Second Amended Petition[1] asserting claims against the Defendants for violations of the Texas Deceptive Trade Practices Act, breach of contract, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose against the Defendants regarding a hay baler they purchased in 2016 from TVT that was manufactured by CNH. According to the petition, the hay baler malfunctioned after it was delivered to the Sahuallas, and even though the baler was subsequently repaired and updates to it were completed by TVT, it still did not work properly.

After the Defendants filed their Amended Answers, Plaintiffs' counsel and his firm filed a Motion to Withdraw as counsel on July 7, 2022, and provided the following justification for the withdrawal:

> [] Withdrawal can be accomplished without material adverse effect on the interests of the clients inasmuch as the case has been mediated, considerable discovery has been completed, and trial will not commence until 26 September 2022;
> [] The clients insist upon pursuing an objective that the Movants consider to be imprudent and with which [Plaintiffs' counsel] has fundamental disagreement;
> [] The representation will result in an unreasonable financial burden on the Movants inasmuch as Clients insist that Movants obtain ever more depositions and incur greater case expenses. Moreover, further

___

[1] The Second Amended Petition was the live petition at the time CNH filed its Motion for Summary Judgment and at the time the Defendants filed their Joint No-Evidence Motion for Summary Judgment.

representation has been rendered unreasonably difficult by the clients, in part because they have refused to provide Movants with settlement authority sufficient to successfully negotiate a satisfactory disposition of their claim; and

[] Other good cause for withdrawal exists because clients ignore the lawyer's advice about litigation tactics and economic risks. Moreover, clients continue to hold what, in the professional opinion of the Movants, are unrealistic expectations about probable risks and benefits of going to trial.

The motion states that Plaintiffs' counsel had written to Plaintiffs about the above issues on multiple occasions, Plaintiffs' counsel informed the Plaintiffs in writing of their intention to withdraw via certified letter mailed on July 6, 2022, the letter informed the Plaintiffs that they were free to hire other counsel to pursue their claims, and on the date the motion was filed the Plaintiffs were served a copy of the motion, a proposed order, and notice of the hearing. The Motion to Withdraw represents that Plaintiffs had received an adequate opportunity to retain substitute counsel and to prepare for trial because the trial court had set the case for trial on September 26, 2022, the parties had completed substantial discovery in the case, and newly substituted counsel for Defendant CNH and newly designated lead counsel for Defendant TVT "appear to face the same obstacles" in reviewing the case and preparing for trial such that Plaintiffs were not at a material disadvantage given their counsel's withdrawal. As exhibits to the Motion to Withdraw, Plaintiffs' counsel attached the previously executed Power of Attorney Contract between Plaintiffs and Plaintiffs' counsel; the withdrawal letter dated July 6, 2022 addressed to Plaintiffs,

3

which provides a detailed explanation for the counsel's withdrawal and counsel's advise to Plaintiffs that they were "free to seek other counsel[;]" a signed "green card" indicating Plaintiffs' receipt of the withdrawal letter; a letter dated July 7, 2022 regarding the Motion to Withdraw and the hearing on the motion (with the Motion to Withdraw, the notice of oral hearing on July 20, 2022, and proposed order attached); a signed "green card" indicating Plaintiffs' receipt of the notice of the hearing on the Motion to Withdraw; and an expense ledger for the case.

The trial court held a hearing on the Motion to Withdraw July 20, 2022,[2] and the trial court signed an Order granting the Motion to Withdraw.

On December 12, 2022, CNH filed a Traditional Motion for Partial Summary Judgment on the Sahuallas' claims of breach of contract under the Texas Business and Commerce Code, breach of implied warranty of fitness for a particular purpose, and for exemplary damages. CNH attached exhibits in support of its motion. On December 21, 2022, the Defendants filed a Joint No-Evidence Motion for Summary

---

[2] A docket sheet entry for 7/20/22 signed by the trial court states that "plaintiffs did appear and testified[]" at the hearing on the Motion to Withdraw and presented evidence to support the motion before the trial court granted the motion. A letter in the appellate record that was filed by the Court Reporter for the County Court at Law No. 1 states that a record was taken of the hearing the trial court conducted on the Motion to Withdraw. The record does not show, however, that any of the parties requested the Court Reporter to prepare a transcript of the Reporter's Record of the July 20, 2022 hearing for the appeal.

Judgment alleging that Plaintiffs have no evidence to support each claim against each Defendant.[3]

On January 18, 2023, the Sahuallas filed a pro se Response to CNH's Motion for Partial Summary Judgment, and the Sahuallas attached exhibits as evidence. On January 25, 2023, CNH filed a Reply to the Sahuallas' Response to CNH's Motion for Partial Summary Judgment, which included objections to the Sahuallas' summary judgment evidence. Also on January 25, 2023, TVT filed a Notice of Joining Objections to Plaintiffs' Exhibits Submitted with Response to CNH's Motion for Partial Summary Judgment, stating that TVT joined in the objections to the Sahuallas' summary judgment evidence filed by CNH "[t]o the extent that the Court considers the exhibits submitted by the Sahuallas[] in response to Reply to Plaintiffs' Response to CNH's Traditional Motion for Partial Summary Judgment[.]" The Sahuallas did not file a response to the objections.

On January 27, 2023, the trial court held a hearing on CNH's Motion for Partial Summary Judgment and on the Defendants' Joint No-Evidence Motion for Summary Judgment, the Sahuallas appeared pro se, and no reporter's record was

---

[3] Because the disposition of the appeal does not require us to reach the underlying merits of the case, we need not discuss the specific arguments in CNH's Motion for Partial Summary Judgment or Defendants' Joint No-Evidence Motion for Summary Judgment. *See* Tex. R. App. P. 47.1 (instructing appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

taken of the hearing. That same day, the trial court signed an Order on Defendant CNH's Objections to Plaintiffs' Summary Judgment Evidence, sustaining many of the objections to Plaintiffs' summary judgment evidence.

On January 30, 2023, the trial court granted the Defendants' Joint No-Evidence Motion for Summary Judgment and dismissed the Sahuallas' claims with prejudice, and the trial court also granted CNH's Motion for Partial Summary Judgment. On that same day, the Sahuallas filed a pro se Motion for Continuance seeking "to find legal representation . . . [because] with previous counsel allowed to keep interest in the case it has made finding new counsel extremely difficult." In their appellate brief, the Sahuallas state that they "filed their written Motion for Continuance at 10:30 in the morning before the Court entered the Summary Judgment Order[,]" but they fail to provide a citation to the record to support their claim. We note, however, that according to the clerk's record, the Sahuallas' Motion for Continuance was filed at 1:15 p.m. on January 30, 2023, which the record shows would have been after the trial court had already granted the Defendants' Joint No-Evidence Motion for Summary Judgment, as the record shows the order granting the no-evidence motion it was filed at 12:18 p.m. on January 30, 2023. The Sahuallas filed a notice of appeal.

## Issues on Appeal

On appeal, the Sahuallas state three issues. In issue one, the Sahuallas argue that Defendants' objections to the Sahuallas' summary judgment evidence were untimely, the Sahuallas should have been permitted to respond to the Defendants' objections, their Motion for Continuance preserved the issue, and the trial court should have provided them time to hire new counsel and to "make their summary judgment admissible." In their second issue, the Sahuallas argue that the trial court abused its discretion in denying their Motion for Continuance because they only had two days to respond to Defendants' objections to the Sahuallas' summary judgment evidence, and the trial court did not give them an opportunity to respond or to cure the problems with their evidence before sustaining many of the Defendants' objections. In their third issue, the Sahuallas argue that the trial court erred in granting summary judgment because "there are genuine issues of material fact as to the Sahuallas['] claims that are not resolved as a matter of law by the video or any other summary judgment evidence submitted by the Defendants."

Appellees respond and argue in part that the Sahuallas failed to preserve for appellate review their complaint regarding the Defendants' objections to the Sahuallas' summary judgment evidence, failed to preserve appellate review of their complaint that the trial court did not continue the hearing on CNH's Motion for Partial Summary Judgment and on Defendants' Joint No-Evidence Motion for

7

Summary Judgment, and are not entitled to a "do over" because they failed to comply with Texas Rules of Civil Procedure and Texas Rules of Evidence and have provided no legal basis for reversing the trial court's judgment.

Standard of Review and Applicable Law

We review summary judgments de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial, and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

A party who files a no-evidence summary judgment pursuant to Rule 166a(i) has essentially requested a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). When the movant files its motion in proper form, the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Id.* at 582; *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 744 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

8

The Rules of Civil Procedure require that a non-movant respond to a motion for summary judgment at least seven days before the summary judgment hearing. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Landers*, 257 S.W.3d at 746; *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("Failure to respond to a no-evidence motion is fatal."); *see* Tex. R. Civ. P. 166a(i). If a non-movant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue in the trial court. *Landers*, 257 S.W.3d at 746 (citing Tex. R. Civ. P. 166a(i)).

Pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Wheeler v. Green*, 157 SW.3d 439, 444 (Tex. 2005) (per curiam); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). This includes error preservation rules. *See Riecke v. Riecke*, No. 09-22-00142-CV, 2023 Tex. App. LEXIS 2267, at *4 (Tex. App.—Beaumont Apr. 6, 2023, no pet.) (mem. op.) (citing to *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 Tex. App. LEXIS 2155, at *3 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem.

9

op.)); *Redmond v. Kovar*, No. 09-17-00099-CV, 2018 Tex. App. LEXIS 925, at *6 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) (citing *Ramey v. Fed. Home Loan Mortg. Corp.*, No. 14-14-00147-CV, 2015 Tex. App. LEXIS 6039, at *4 (Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.) (mem. op.)); *Harrison v. Reiner*, 607 S.W.3d 450, 464 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

## Analysis

We first address Sahuallas' argument that they preserved error for their challenge to the trial court's rulings sustaining the Defendants' objections to the Sahuallas' summary judgment evidence. According to the Sahuallas, they preserved this issue by "fil[ing] a proper Motion for Continuance[.]" The Sahuallas assert in a footnote in their appellate brief that their written Motion for Continuance was filed "at 10:30 in the morning before the Court entered the Summary Judgment Order[,]" but they fail to provide a citation to the record in support of their contention. The pro se Motion for Continuance in the appellate record states as follows:

> TO THE HONORABLE COURT:
> I, The Plaintiff, in the above-entitled cause, am hereby requesting a continuance of my case for the following reasons. Plaintiff[]s request this motion for continuance to find legal representation to show additional good cause to Plaintiffs['] case. Your Honor with previous counsel allowed to keep interest in the case it has made finding new counsel extremely difficult.
> This motion for continuance is not made for delay and Plaintiff[s] hereby request it to be granted in the interest of justice.

10

The motion is time-stamped as filed with the county clerk's office on January 30, 2023, at 1:15 p.m., three days after the hearing and after the Order Granting Defendants' Joint No-Evidence Motion for Summary Judgment was signed and filed with the county clerk.

The Sahuallas' Motion for Continuance makes no mention of their failure to timely file responses to Defendants' objections to the Sahuallas' summary judgment evidence. As stated above, pro se litigants must comply with rules of procedure and rules of preservation. *See Wheeler*, 157 S.W.3d at 444; *Riecke*, 2023 Tex. App. LEXIS 2267, at *4. To preserve error for appellate review, the record must show (1) the complaint was timely presented to the trial court, and (2) the trial court either (a) ruled on the request, objection or motion, or (b) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal to rule. Tex. R. App. P. 33.1(a); *see also Bryant v. Jeter*, 341 S.W.3d 447, 450-51 (Tex. App—Dallas 2011, no pet.) (as a prerequisite to complaining on appeal about the denial of a motion for continuance, the record must show that the motion was brought to the trial court's attention and that (1) the trial court denied the motion or (2) the trial court refused to rule on the motion and the complaining party objected to the refusal). Even assuming without deciding that the Sahuallas are correct that a request for a continuance is "[t]he proper mechanism" under these facts to preserve their argument that the trial court erred in not allowing them to respond to the objections

11

or amend any formal defects in their summary judgment evidence, their motion for continuance was untimely[4] and they failed to obtain a ruling on the motion before the trial court signed the summary judgment order. *See* Tex. R. App. P. 33.1; *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) ("[Plaintiffs] failed to obtain a ruling from the trial court on the motion for continuance and therefore, failed to preserve error."); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied) (trial court did not err when it denied party's motion for continuance because record did not indicate that motion was ever brought to its attention or that it ruled on the motion).

Not only was the Sahuallas' Motion for Continuance untimely, but it also did not comply with Rule 251 of the Texas Rules of Civil Procedure because it was not

---

[4] On appeal, the Sahuallas argue that "statements on the record at the [summary judgment] hearing" also preserved error as to the trial court's denial of an opportunity for the Sahuallas to respond to the Defendants' objections or cure any summary judgment evidence defects. According to our appellate record, and as conceded by the Sahuallas, there was no reporter's record taken at the summary judgment hearing. We also note that an oral request for a continuance without supporting affidavit does not preserve a complaint for appellate review. *See Redmond v. Kovar*, No. 09-17-00099-CV, 2018 Tex. App. LEXIS 925, at *8 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.). In light of their untimely motion for continuance, we also reject the Sahuallas' argument that Defendants' "late[-]filed objections should have been overruled as a procedural consequence of their late filing." *See, e.g.*, *Barnes v. Athens*, No. 02-12-00173-CV, 2012 Tex. App. LEXIS 8716, at **2-5 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.) (no abuse of discretion when trial court considered and sustained movant's objections to nonmovant's summary judgment evidence, which objections were filed one day before hearing; record did not show that nonmovant either requested or filed motion for continuance for time to respond to objections).

accompanied by an affidavit. Rule 251 requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for the motion. Tex. R. Civ. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *In re A.E.M.*, No. 09-18-00288-CV, 2020 Tex. App. LEXIS 1439, at *49 (Tex. App.—Beaumont Feb. 20, 2020, no pet.) (mem. op.) (citing *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied)); *see also* Tex. R. Civ. P. 251; *Redmond*, 2018 Tex. App. LEXIS 925, at **7-8 (concluding trial court did not err in denying motion for continuance where motion was made orally and was not supported by affidavit or consent of parties and therefore did not comply with Rule 251).[5] Furthermore "[w]hen the ground for a

[5] Even if the Motion for Continuance had been timely filed and properly supported by an affidavit, the trial court still could have denied the motion on the grounds that the Sahuallas had six months to secure new counsel but did not do so. *See, e.g.*, *Lopez v. Sonic Rests., Inc.*, No. 04-10-00318-CV, 2010 Tex. App. LEXIS 8235, at **9-11 (Tex. App.—San Antonio, Oct. 13, 2010, pet. denied) (mem. op.) (trial court did not abuse its discretion in denying plaintiffs' motion for continuance and proceeding with hearing on defendants' motion for summary judgment when hearing was one month after plaintiffs' counsel withdrew and nothing in the record suggested that plaintiffs presented their motion for continuance to the trial court or obtained a ruling on the motion and nothing in the record suggested that the plaintiffs attempted to hire new counsel after their attorney withdrew); *Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied) (holding that the trial court did not abuse its discretion in denying a motion for continuance when party had one-and-a-half months to secure new counsel but had not taken steps to do so); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 115-16 (Tex. App.—Waco 1999, no pet.) (no abuse of discretion where appellant was given approximately forty days to secure new counsel and prepare for summary judgment); *Holt v. D'Hanis State Bank*, 993

continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984) (op. on reh'g). In this case, the Sahuallas offered no argument or evidence that their attorney's withdrawal was not due to their own negligence or fault.

We next address the Sahuallas' argument on appeal that their pro se Response to CNH's Motion for Partial Summary Judgment serves as a "global response" "to all motions for summary judgment[.]" It is well settled that courts look to the substance of a plea for relief to determine the nature of the pleading, not merely its title or caption. *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also* Tex. R. Civ. P. 71; *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("We should not be so constrained by the form or caption of a pleading."). The substance of a pleading is gleaned from the body of the pleading and the prayer for relief. *See Dow Chem. Co. v. Pub. Util. Comm'n*, 601 S.W.2d 506, 507-08 (Tex. App.—Beaumont 1980, writ ref'd n.r.e.). The substance of the Sahuallas' Response to CNH's Motion for

---

S.W.2d 237, 240 (Tex. App.—San Antonio 1999, no pet.) (trial court did not err in setting hearing on motion for summary judgment where appellant had approximately thirty-five days to hire a new attorney to represent him in the summary judgment proceeding).

14

Partial Summary Judgment does not provide argument or discussion of how their purported summary judgment evidence or attachments to the response provides evidence as to the Defendants' basis for their Joint No-Evidence Motion for Summary Judgment. The Sahuallas' Response fails to even mention the elements discussed in the Joint No-Evidence Motion for Summary Judgment. Nor does the Sahuallas' Response to CNH's Motion for Partial Summary Judgment mention any other summary judgment motion filed by the Defendants other than CNH's Motion for Partial Summary Judgment (a traditional motion for partial summary judgment) and includes no mention of the no-evidence standard. The prayer for relief in the Sahuallas' Response to CNH's Motion for Partial Summary Judgment asked that the trial court "DENY the Motion for Partial Summary Judgment." We conclude the Sahuallas' Response to CNH's Motion for Partial Summary Judgment was not a "global response" to all summary judgment motions and it was only a response to CNH's Motion for Partial Summary Judgment. *See id.*; *Wells Fargo Bank, N.A. v. Goldberg*, No. 09-10-00386-CV, 2011 Tex. App. LEXIS 1327, at **4-5 (Tex. App.—Beaumont Feb. 24, 2011, no pet.) (mem. op.) (concluding motion to stay was motion for reconsideration after reviewing body and prayer of the motion).

The record demonstrates that the Sahuallas received timely notice of the Defendants' Joint No-Evidence Motion for Summary Judgment. *See* Tex. R. Civ. P. 166a(c) (motion for summary judgment must be filed and served at least twenty-one

15

days before the time specified for hearing). The Sahuallas failed to file a written response to the Defendants' Joint No-Evidence Motion for Summary Judgment, as required by the rules governing summary judgments. *See id.* ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.") Furthermore, the Sahuallas did not file a motion for leave to file an untimely response. Because the Sahuallas failed to make any response to the Defendants' Joint No-Evidence Motion for Summary Judgment, we conclude the trial court properly rendered summary judgment in favor of the Defendants. *See* Tex. R. Civ. P. 166a(i) (trial court must grant no-evidence motion for summary judgment absent a timely response); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (nonmovant must timely file and serve response to defeat no-evidence motion for summary judgment); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary judgment evidence that raises a genuine issue of material fact."); *Michael*, 41 S.W.3d at 751 ("Failure to respond to a no-evidence motion is fatal."). Also, as explained above, the Sahuallas' Motion for Continuance was untimely. *See* Tex. R. App. P. 33.1; *Risner*, 18 S.W.3d at 909; *see also Southside Partners v. Collazo Enters., LLC*, No. 11-16-00346-CV, 2018 Tex. App. LEXIS

16

10775, at **25-26 (Tex. App.—Eastland Dec. 21, 2018, no pet.) (mem. op) (motion for continuance untimely when filed after the summary judgment hearing and after the trial court ruled). We overrule issues one and two.

In issue three, the Sahuallas argue that if they would have been allowed an opportunity to respond to the Defendants' objections to the Sahuallas' summary judgment evidence, "they would have been able to show that the blanket objections to all summary judgment evidence were not sustainable objections[]" and that they "could [have] overcome the objections." The only summary judgment evidence before the trial court at the summary judgment hearing was the evidence that the Sahuallas attached to their response to CNH's Partial Motion for Summary Judgment. We have already determined that the response cannot be considered a "global response" and thereby the Sahuallas' failed to file a response to the Defendants' Joint No-Evidence Motion for Summary Judgment. The Sahuallas' failure to timely respond to the Defendants' Joint No-Evidence Motion for Summary Judgment is fatal, and we overrule issue three.

Having overruled Appellants' issues, we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on December 21, 2023
Opinion Delivered May 23, 2024

Before Golemon, C.J., Horton and Johnson, JJ.

17